IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1541 (MN) |
| | ) |
| CONNECTIONS COMMUNITY CSP, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Anthony White, James T. Vaughn Correctional Center, Smyrna, DE – *Pro Se* Plaintiff

Kelly Elizabeth Rowe, Esquire, White & Williams, Wilmington, DE – Attorney for Defendant Connections Community CSP Inc.

Allison Jean McCowan and Victoria R. Sweeney, Deputy Attorneys General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE – Attorneys for Defendants Perry Phelps and Marc Richman

February 17, 2021
Wilmington, DE

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Anthony White ("Plaintiff" or "White"), an inmate at the James T. Vaughn Correctional Center ("JTVCC"), filed this civil rights action on August 19, 2019, pursuant to 42 U.S.C. § 1983. (D.I. 1). He proceeds *pro se* and has paid the filing fee. Defendants Perry Phelps ("Phelps") and Marc Richman ("Richman") (together "DOC Defendants") move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (D.I. 10) and Defendant Connections Community Support Programs, Inc. ("Connections")[1] moves for dismissal pursuant to Rule 12(b)(5) (D.I. 25). Plaintiff opposes both motions. (D.I. 26, 27).[2]

**I.      BACKGROUND**

Plaintiff raises claims concerning three distinct medical issues. Plaintiff injured his left shoulder acromioclavicular joint on September 26, 2013. (D.I. 1 at 5). He alleges that "medical" kept his arm in a sling for 8 ½ months, and he still receives weekly therapy. (*Id.*). Plaintiff alleges that he has submitted multiple medical grievances, and he has suffered with pain from a protruding bone from his left shoulder since 2013. (*Id.*). He alleges that for the past six years he has not been given "minimum medical treatment like a[n] MRI," and Defendants have deliberately withheld treatment. (*Id.*). Plaintiff alleges that he registered multiple complaints with Phelps, Richman, Bureau of Correction Healthcare Services ("BCHS") board members, and Defendant Connections Healthcare Administrator Matt Wolford ("Wolford"). (*Id.*).

---

[1] Plaintiff names Connections and former Connections' employees Misty May, Matt Wolford, Samantha Hollis, Dr. Harewood, Dr. Pharqi, Christine Francis, and Dr. Laurie Ann Spraga (together with Connections, "the Medicals Defendants") as defendants in his Complaint. Counsel for Connections does not presently represent the individual Connections employees and, therefore, makes no assertions on their behalf in the motion to dismiss. (*See* D.I. 25 at 5, n1).

[2] Docket Item 26 is titled "motion for extension of time." (D.I. 26). In reading the filing, however, it is clear that it is an opposition to DOC Defendants' motion to dismiss.

Plaintiff's second medical issue concerns an August 2017 broken right hand. (*Id*. at 6). Plaintiff was seen by an outside specialist who purportedly opined that because of an untreated fracture Plaintiff would have pain and a fusion would be required for relief. (*Id*.). Plaintiff alleges that he informed Wolford of his pain and suffering while being denied medical treatment. (*Id*.).

Plaintiff's third medical issue concerns a hernia which he alleges has been left untreated since November 5, 2017. (*Id.* at 8). He states that two ultrasounds were performed and Defendants refuse to approve an MRI because of cost. (*Id*.).

Plaintiff complains that Phelps and Richman continued to award the medical contract to Connections despite the substandard care it provided inmates. (*Id*. at 6). Plaintiff alleges that the BCHS was created for oversite of medical services, professional conduct, and medical care provided inmates, that Phelps was supposed to review the minutes of the BCHS Committee and this established supervisory liability of Phelps, Richman, and members of BCHS. (*Id*. at 6-7). For relief Plaintiff seeks compensatory damages and injunctive relief. (*Id*. at 8-9).

DOC Defendants move to dismiss on the grounds that: (1) the Complaint fails to plead the personal involvement of Phelps and Richman; (2) the September 26, 2013 claims are time-barred; (3) the claims against them in their official capacities seeking monetary damages are barred by the Eleventh Amendment; and (4) they are entitled to qualified immunity. Connection moves to dismiss for insufficiency of service of process.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(5)

A defendant may file a motion to dismiss pursuant to Rule 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by

Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 90-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *Id*. *See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

### B.     Rule 12(b)(6)

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or

3

"unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc*., 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. DISCUSSION

DOC Defendants move for dismissal for a number of reasons. The Complaint will be dismissed for two of those reasons. Connections' motion to dismiss will be denied.

#### A. Personal Involvement/Respondeat Superior

DOC Defendants move for dismissal on the ground that the Complaint fails to state claims upon which relief may be granted because it does not allege the requisite personal involvement of each defendant as required for claims raised under 42 U.S.C. § 1983. Plaintiff contends that he has established that the DOC Defendants had knowledge of his injury and Connections' misconduct and failed to act or protect him from the wanton infliction of pain and suffering at the hands of Connections.

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, DOC Defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.,* 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). This means that respondeat superior cannot form the basis of liability. *Evancho v. Fisher*, 423

4

F.3d 347, 353 (3d Cir. 2005); *see also Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (instructing that a constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "'[T]here are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

The allegations against the DOC are conclusory and with no facts to support the claims. *See Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or " 'naked assertion [s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). The Complaint does not show the personal involvement of either DOC Defendant, and it is clear they are both named based upon their supervisory positions.

In addition, the Third Circuit has held that, prison administrators, like Commissioner Phelps, cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69).

5

"[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id*. at 236.

The Complaint states that Plaintiff still receives weekly therapy for his shoulder, he has seen an outside specialist for his right hand, and two ultrasounds were performed for his hernia. The Complaint fails to provide facts to support a claim that Phelps, a non-medical prison official, was deliberately indifferent to Plaintiff's serious medical needs.

As pled, the Complaint fails to state a constitutional claim against either individual DOC Defendant. Accordingly, DOC Defendants' motion to dismiss will be granted. Because it is possible that Plaintiff may be able to state a viable claim upon amendment, he will be given leave to amend the claims against the DOC Defendants.[3]

### B. Eleventh Amendment

DOC Defendants move to dismiss the claims raised against them in their official capacities that seek monetary damages. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations

---

[3] This Court does not address the limitations period as the Complaint alleges a continuing violation. In addition, at this juncture, the issue of qualified immunity is premature. This Court will consider both issues to the extent necessary upon after the filing of any amended complaint.

omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

The official capacities claims will be dismissed to the extent that Plaintiff seeks monetary damages from DOC Defendants in their official capacities.

### C. Service

Connections seeks dismissal on the ground that Plaintiff failed to perfect service because the executed USM 285 forms reflect service on an unknown person at Connections' corporate address and the individuals who were alleged to have been served are no longer Connections employees. (*See supra* note 1). Plaintiff responds that Defendants and counsel were aware of the lawsuit and defense counsel had an obligation to make service available, and defense counsel represents the same Medical Defendants in other cases.

"Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). This Court must grant an extension if good cause is present. *See Daniels v. Correctional Med. Services, Inc.*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)). Even if the court finds ineffective service of process without good cause, however, it may allow Plaintiff another opportunity to attempt service. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). A determination of good cause relies on three factors: (1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effective service. *See United States v. Nuttall*, 122 F.R.D. 163, 166–67 (D. Del. 1988).

Plaintiff, an incarcerated individual, relies upon the United States Marshals Service to effect service. Therefore, this Court exercises its discretion and will give Plaintiff an additional opportunity to serve the Medical Defendants. Plaintiff, as an incarcerated individual, does not have the ability to obtain the addresses of former Connections employees or the name of the agent authorized to accept service on behalf of Connections. Connections will be ordered to provide the Clerk of Court, under seal, the last known addresses of the Medical Defendants as well as the name of the agent authorized to accept service on behalf of Connections and the correct corporate address for Connections. Once this information is provided an appropriate service order will be entered.

Therefore, Connections' motion to dismiss for insufficiency of service of process will be denied.

## IV. CONCLUSION

For the above reasons, the Court will: (1) grant DOC Defendants' motion to dismiss (D.I. 10); (2) give Plaintiff leave to amend the claims against the DOC Defendants; (3) deny Connections' motion to dismiss (D.I. 25); and (4) give Plaintiff additional time to serve the Medical Defendants. An appropriate order will be entered.